

FILED

11/29/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0641

Form 4(6)

Name _Gilbert Campa_

_Deer Lodge, Montana -59722-_

City _____ State _____ Zip

_N.A._

[e-mail address]

_Appellant_

[Designation of party]

FILED

NOV 1 4 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

## IN THE SUPREME COURT OF THE STATE OF MONTANA

No. _DA 22-0641_

[to be assigned by Clerk of Supreme Court]

_GILBERT CAMPA_ ,

Appellant,

v.

_STATE OF MONTANA_ ,

Appellee.

**PETITION FOR
AN OUT-OF-TIME
APPEAL**

*[To ask the Court to allow you to file an out-of-time appeal, give the reasons why the appeal was not timely filed. State in the petition or supporting affidavit the issues you wish to raise on appeal and explain in detail the reasons that you did not file a timely appeal. Give only true and accurate explanations that support your petition. Include a copy of the final order or judgment from which you wish to appeal. M. R. App.P. 4(6)]*

I petition the Court to allow me to file an out-of-time appeal for the following reason: [Check one]

☐ I improperly filed a timely Notice of Appeal only with the District Court, as more fully explained below.



© Montana Supreme Court

OUT-OF-TIME APPEAL
PAGE 1 OF 4

☐ I discussed filing a timely appeal with my attorney, but he or she failed to file it for me, as more fully explained below.

☐ I failed to file the Notice of Appeal for the following reason:

I did not mark any of the square boxes for the following reasons below.

☒ Attached as Exhibit "A," a copy of the judgment or order from which I wish to appeal.

As legal authority for filing an out-of-time appeal, I cite the following which supports this petition:

I filed my Notice of Appeal to your Supreme Court before 60 days after I was sentenced on August 3rd 2022. It then was returned back to me in order to me to re-submit it with the right Certificate of Service. As I sent my Notice of Appeal on September 27th 2022, with the Montana State Prison Signing and Stamping it x (over

DATED this 9th day of November, 2022.



with that same date on the back of both envelopes. I am even enclosing the letter dated October 3rd, 2022, informing me to re-submit it which does verify that I did file my Notice of Appeal within the 60 day time limit from the day of my sentencing/Entry of Judgment on August 3rd, 2022. As the letter from your Court on October 3rd does state specifically, at the very top, that, "Your office received my document entitled "Notice of Appeal" and that it was being returned to me, which therefore, does show that I sent it in before Octobe 3rd, which your last letter I received dated November 3rd, 2022, stated that was when that I had to have it in by or before, that date, of October 3rd, 2022. My Notice of Appeal that I sent to your Court on September 27th, was also returned back to me because in your letter dated October 3rd it was informing me that I needed to also send a copy to the County Attorney and to the Attorney General and once I did, to fill out the enclosed form that I was sent, stating that I have done so and then return that form back to your court with my document, which I did exactly all of what I was being informed to do by your Court.

After re-submitting my Notice of Appeal to your Supreme Court, I did the pages over that had the date of, September 27th 2022, in order to put October 26th 2022. As being that I was informed by your Court to re-submit my Appeal, I put the date of when I Sent everything back out again.

_____
**[Signature]**

__Gilbert Campa__
**[Print name]**

## VERIFICATION UPON OATH OR AFFIRMATION

STATE OF MONTANA    )
                       :   ss.
County of _Powell_   )

       I swear that everything stated in this petition is true and correct to the best of my knowledge.

       DATED this ___9___ day of __November__, 20_22_.

__Lissa D.          Gilbert Campa__
**[Signature]**

__Lissa Duncan  Gilbert Campa__
**[Print name]**

       Signed and sworn to or affirmed before me on this date by

__Gilbert Campa__.

**[Seal]**



LISSA DUNCAN
NOTARY PUBLIC for the
State of Montana
Residing at Butte, Montana
My Commission Expires
May 23, 2026

__Lissa D.__
**[Signature of Notary Public]**
__Lissa Duncan__
**[Typed or printed name]**
__Case Manager__
**[Title]**
__Butte, Montana__
**[Residing at]**
My Commission expires: __5/23/2026__.

© Montana Supreme Court

# CERTIFICATE OF SERVICE

I certify that I have filed a copy of this **Petition for an Out-of-Time Appeal** with the Clerk of the Montana Supreme Court and that I have mailed or hand delivered a copy to each attorney of record and any party not represented by counsel as follows:

Prosecuting District Attorney,
*[Name of opposing counsel]*

Ingrid Rosenquist

217 North 27th Street, Billings, MT. -59101-
*[Address]*

Counsel for _State of Montana_

Gilbert Campa
*[Other party representing himself or herself]*

_____

700 Conley Lake Rd. Deer Lodge, MT. -59722.
*[Address]*

DATED this _9th_ day of _November_, 20_22_.

Gilbert Campa
*[Name]*

Gilbert Campa
*[Print name]*



© Montana Supreme Court

PV

FILED

08/25/2022
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Darren Mattern
DC-56-2007-0000531-IN
Harris, Donald
139.00

# MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| STATE OF MONTANA,<br>                    Plaintiff,<br><br>vs.<br><br>GILBERT CAMPA,<br>                    Defendant. | CAUSE NO. DC 07-0531<br><br>JUDGE DONALD L. HARRIS<br><br><br>**ORDER OF REVOCATION AND**<br>**IMPOSITION OF SENTENCE** |

This Court held a Revocation Hearing on October 29, 2021, to determine whether the Defendant's previous sentence should be revoked. Defendant was present with counsel. Based on the Defendant's substantial admissions of the allegations contained in the State's Petition for Revocation of Sentence, the Court finds that the Defendant has violated the terms and conditions of his Sentence and hereby Orders the Sentence is Revoked.

This Court held a Disposition Hearing on August 3, 2022, and resentenced the Defendant.

IT IS ORDERED that for CRIMINAL DISTRIBUTION OF DANGEROUS DRUGS (FELONY) the Defendant is sentenced pursuant to § 46-18-203, MCA, to the Montana State Prison for SEVENTEEN (17) YEARS, to run concurrently with DC 07-0917.

The previous Orders and reasons of this Court entered on August 10, 2009, remain unchanged. The conditions of release are to be determined by the Parole Board prior to release from the Montana State Prison should the Defendant be granted parole.

THE COURT FINDS the Defendant is not entitled to receive credit for elapsed time while not incarcerated pursuant to § 46-18-203(7)(b), MCA. Denial of credit for elapsed time is based on Defendant's failure to comply with the terms and conditions of the sentence while under supervision.

Reasons for Sentence are as follows:

1. The Court considered the contents of the Report of Violations and the recommendations of the supervising officer.

2. The Court considered the nature of the violations and the Defendant's admitted conduct.

3. The Court considered the arguments of counsel.

4. The Court considered Defendant's statement presented at the hearing.

5. The Court considered testimony presented at the hearing.

The Bond, if any, is exonerated.

If the written judgment differs from the sentence the Judge pronounced orally, then the State or Defendant has only One Hundred Twenty (120) days to contest the written judgment as set forth in § 46-18-116, MCA. If no party contests the written judgment within One Hundred Twenty (120) days, the written judgment is presumed correct.

DONE IN OPEN COURT on August 3, 2022,

/s/ Donald L. Harris
DISTRICT COURT JUDGE

cc: YCAO - Ingrid A. Rosenquist /jf
DEFENSE COUNSEL- Fred Snodgrass
Billings Police Department C&O 07-08909
Adult Probation & Parole

Exhibit A (Page -2-)

PV

FILED
08/25/2022
Terry Halpin
CLERK
Yellowstone County District Court
STATE OF MONTANA
By: Darren Mattern
DC-56-2007-0000917-IN
Harris, Donald
126.00

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT, YELLOWSTONE COUNTY

| | |
|---|---|
| STATE OF MONTANA,<br>Plaintiff,<br><br>vs.<br><br>GILBERT CAMPA,<br>Defendant. | CAUSE NO. DC 07-0917<br><br>JUDGE DONALD L. HARRIS<br><br><br>**ORDER OF REVOCATION AND IMPOSITION OF SENTENCE** |

This Court held a Revocation Hearing on October 29, 2021, to determine whether the Defendant's previous sentence should be revoked. Defendant was present with counsel. Based on the Defendant's substantial admissions of the allegations contained in the State's Petition for Revocation of Sentence, the Court finds that the Defendant has violated the terms and conditions of his Sentence and hereby Orders the Sentence is Revoked.

This Court held a Disposition Hearing on August 3, 2022, and resentenced the Defendant.

IT IS ORDERED that for COUNT I: CRIMINAL POSSESSION WITH INTENT TO DISTRIBUTE (FELONY) the Defendant is sentenced pursuant to § 46-18-203, MCA, to the Montana State Prison for SEVENTEEN (17) YEARS, to run concurrently with DC 07-0531.

IT IS FURTHER ORDERED that for COUNT II: CRIMINAL POSSESSION OF DANGEROUS DRUGS (FELONY) the Defendant is sentenced pursuant to § 46-18-203, MCA, to the Montana State Prison for SEVENTEEN (17) YEARS, to run concurrently with Count I.

The previous Orders and reasons of this Court entered on August 10, 2009, remain unchanged. The conditions of release are to be determined by the Parole Board prior to release from the Montana State Prison should the Defendant be granted parole.

THE COURT FINDS the Defendant is not entitled to receive credit for elapsed time while not incarcerated pursuant to § 46-18-203(7)(b), MCA. Denial of credit for elapsed time is based on Defendant's failure to comply with the terms and conditions of the sentence while under supervision.

Reasons for Sentence are as follows:

1. The Court considered the contents of the Report of Violations and the recommendations of the supervising officer.

2. The Court considered the nature of the violations and the Defendant's admitted conduct.

3. The Court considered the arguments of counsel.

4. The Court considered Defendant's statement presented at the hearing.

5. The Court considered testimony presented at the hearing.

The Bond, if any, is exonerated.

If the written judgment differs from the sentence the Judge pronounced orally, then the State or Defendant has only One Hundred Twenty (120) days to contest the written judgment as set forth in § 46-18-116, MCA. If no party contests the written judgment within One Hundred Twenty (120) days, the written judgment is presumed correct.

DONE IN OPEN COURT on August 3, 2022,

*/s/ Donald L. Harris*
DISTRICT COURT JUDGE

cc: YCAO - Ingrid A. Rosenquist /jf
DEFENSE COUNSEL- Fred Snodgrass
Billings Police Department C&O 07-09030
Adult Probation & Parole

Electronically Signed By:
Hon. Judge Donald L Harris
Thu, Aug 25 2022 08:59:07 AM